U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
OCT 0 2 2006
ROBERT H. SHEMWELL, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| **ARTHUR JOHNSON, JR.** | **DOCKET NO. 06-CV-465; SEC. P** |
| **VERSUS** | **JUDGE DRELL** |
| **CAPTAIN MYLES** | **MAGISTRATE JUDGE KIRK** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Arthur Johnson, Jr. (LDOC #101080), filed *in forma pauperis* on January 30, 2006, in the Middle District of Louisiana. [Doc. #1] The case was transferred to the Western District of Louisiana on March 13, 2006. [Doc. #3] Johnson is an inmate housed at the Winn Correctional Center ("WCC") in Winnfield, Louisiana. Johnson named Captain Christopher Myles as Defendant. He claims that Defendant wrongfully forced him out of protective custody and that he should be transferred to a prison in Jefferson Parish. He is seeking monetary compensation for the alleged wrongdoing.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of the court.

## STATEMENT OF THE CASE

The complaint and amended complaint consist of numerous handwritten pages and various attachments. The complaint, while somewhat difficult to comprehend, generally alleges the following:

1. Plaintiff was segregated from the general prison population on September 9, 2004, and placed in protective custody pending transfer on October 10, 2005, due to his involvement in an

aggravated prison fight with other inmates. [Doc. #8, p.6]

2. Thereafter, Plaintiff was "forced off" of protective custody by the defendant, causing Plaintiff to be exposed to potential contact with "known enemies" in the prison.

## LAW & ANALYSIS

### 1. Frivolity Review

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obligated to evaluate the complaint and dismiss it without service of process if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1).

District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. See Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995).

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. See Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Hernandez, 504 U.S. 25 (1992).

2

## 2. Classification

Johnson has failed to allege specific facts demonstrating a constitutional depreivation; in fact, he relies solely on conclusory allegations. Johnson claimed that the defendant wrongfully removed him from protective custody and/or failed to transfer him to another prison. Johnson seeks monetary compensation for these actions/inactions, but he does not allege a specific incident or wrongdoing, nor does he set forth any injuries received from a wrongdoing.[2] He merely argues that he should be classified as "PC" (protective custody) or moved to Jefferson Parish. He states that, otherwise, "trouble always comes" to him.

While Johnson disagrees with his classification, he does not state a claim for which relief can be granted. A prison inmate does not have a protectable liberty or property interest in his custodial classification, and his disagreement with his classification by prison authorities is insufficient to establish a violation of his constitutional rights. See Wilson v. Budney, 976 F.2d 957 (5th Cir. 1992); Neals v. Norwood, 59 F.3d 530, 533 (5th Cir. 1995); Penigar v. Defoor, 2002 U.S. Dist. LEXIS 19934 (D. Tex. 2002).

## CONCLUSION

For the foregoing reasons, Plaintiff's claims lack an arguable basis in fact and law and are

---

[2] Johnson was ordered to amend his complaint to outline specific facts regarding his claim and to inform the court of any injuries that he has suffered as a result of any alleged violations. Johnson amended, but he did not set forth any specific act or event that cause him injury; he only claims that, in general, he should be in protective custody or transferred. Additionally, he has not established that he suffered any injury as a result of a constitutional violation. Johnson noted in the amended complaint that his "injuries" include "heart indecations," a pin in his right limb, eye glasses to correct his vision, "partial diabetic," and high blood pressure. He does not attribute any of these "injuries" to any particular incident or violation.

3

frivolous. See Neitzke v. Williams, 490 U.S. 319 (1989).[3] Therefore, **IT IS RECOMMENDED** that Plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this ____ day of October, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

---

[3]Petitioner should note that a prisoner is prohibited from bringing a civil action or from appealing a judgment under § 1915 if the prisoner has, on three or more prior occasions, brought an action or appeal that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim. 28 U.S.C. § 1915(g). Once Petitioner accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g). **Johnson has two prior strikes against him: 05-CV-185 (E.D. La. 7/23/05),** *appeal dismissed for failure to pay docketing fee* **05-30883 (5th Cir. 1/19/06) and 05-CV-2991 (E.D. La. 8/16/05),** *not appealed.* **This case, if dismissed pursuant to 1915(e)(2)(B), will be Johnson's third strike.**

4